**EXHIBIT 1**

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000



Court File No.

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

B E T W E E N:

1887370 ONTARIO INC. and WINGBERRY FARMS LTD.

Plaintiffs

and

MICHAEL SMITH, CMC CAPITAL INC., and CREDIT MEDICAL
CORPORATION

Defendants

## STATEMENT OF CLAIM

TO THE DEFENDANTS

A LEGAL PROCEEDING HAS BEEN COMMENCED AGAINST YOU by the plaintiffs. The
Claim made against you is set out in the following pages.

IF YOU WISH TO DEFEND THIS PROCEEDING, you or an Ontario lawyer acting for you
must prepare a statement of defence in Form 18A prescribed by the *Rules of Civil Procedure*,
serve it on the plaintiffs' lawyer or, where the plaintiffs do not have a lawyer, serve it on the
plaintiffs, and file it, with proof of service in this court office, WITHIN TWENTY DAYS after
this statement of claim is served on you, if you are served in Ontario.

If you are served in another province or territory of Canada or in the United States of America,
the period for serving and filing your statement of defence is forty days. If you are served outside
Canada and the United States of America, the period is sixty days.

Instead of serving and filing a statement of defence, you may serve and file a notice of intent to
defend in Form 18B prescribed by the *Rules of Civil Procedure*. This will entitle you to ten
more days within which to serve and file your statement of defence.

IF YOU FAIL TO DEFEND THIS PROCEEDING, JUDGMENT MAY BE GIVEN AGAINST
YOU IN YOUR ABSENCE AND WITHOUT FURTHER NOTICE TO YOU.  IF YOU WISH
TO DEFEND THIS PROCEEDING BUT ARE UNABLE TO PAY LEGAL FEES, LEGAL
AID MAY BE AVAILABLE TO YOU BY CONTACTING A LOCAL LEGAL AID OFFICE.

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice   **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-2-

TAKE NOTICE: THIS ACTION WILL AUTOMATICALLY BE DISMISSED if it has not been set down for trial or terminated by any means within five years after the action was commenced unless otherwise ordered by the court.


Date _____        Issued by _____

                                                           Local Registrar

                              Address of        Superior Court of Justice
                              court office:      330 University Avenue
                                                 Toronto ON  M5G 1R7


TO:     **MAGONET LAW PROFESSIONAL CORPORATION**
        188 Avenue Road
        Toronto, ON M5R 2J1

        **Michael Magonet (32967E)**
        m@magonertlaw.com

        Lawyers for the defendants

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-3-

# CLAIM

1.      The plaintiffs claim against the defendants:

     (a)     An order requiring the defendants, or any one or more of them, to repay the plaintiffs the sum of $6,000,000 advanced to CMC Credit Ltd., plus all accrued and outstanding monthly interest and dividend payments;

     (b)     In the alternative, damages of $10,000,000 less any amounts received from the plaintiffs, for fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, and oppression;

     (c)     Punitive damages in the amount of $1,000,000;

     (d)     Pre-judgment and post-judgment interest pursuant to the *Courts of Justice Act*, R.S.O. 1990, c. C.43, as amended;

     (e)     Costs of this proceeding on a substantial indemnity basis, plus all applicable taxes; and

     (f)     Such further and other relief as to this Honourable Court may deem just.

**The parties**

2.      The plaintiff 1887370 Ontario Inc. ("**188**") is a corporation owned and controlled by members of the Littler family. 188 recently took an assignment of the litigation rights under a promissory note held by HLL Trust, a trust established under the laws of Ontario for which Lynda Little is the sole beneficiary. As described in more detail below, HLL Trust advanced

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-4-

$5,000,000 to CMC Credit Ltd. ("**CMC Credit**") in connection with a joint venture with the defendants, Michael Smith and CMC Capital Inc. ("**CMC Capital**"). HLL Trust is a 50% shareholder in CMC Credit.

3.     The plaintiff Wingberry Farms Ltd. is a corporation incorporated under the laws of Ontario, owned and controlled by members of the Littler family. It advanced a total of $1,000,000 to CMC Credit in connection with the same joint venture.

4.     The defendant Michael Smith is an individual residing in California and is the principal and directing mind of both CMC Capital and Credit Medical Corporation ("**Credit Medical**"). He was at all material times the CEO and a director of CMC Credit.

5.     The defendant CMC Capital is a corporation incorporated under the laws of Ontario, wholly owned and controlled by Mr. Smith. It is the other 50% shareholder of CMC Credit.

6.     The defendant Credit Medical is a corporation incorporated under the laws of Ontario and is also wholly owned and controlled by Mr. Smith.

**The joint venture and shareholders' agreement**

7.     In or around May 2018, Mr. Smith approached Harry Littler Sr. ("**Harry Sr.**") with what he described as a "potential investment opportunity". This "opportunity" involved Harry Sr. investing significant funds in a joint venture for a consumer loan business that Mr. Smith would operate through CMC Credit. At the time, Harry Sr. was a 76-year-old retired farmer and a lifelong hard-working and successful businessman. Harry Sr. wished to leave a secure inheritance for his three children and his wife, Lynda, and was persuaded by Mr. Smith that

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice

Court File No./N° du dossier du greffe : CV-25-00748569-0000

-5-

investing in CMC Credit would provide a safe, passive, and lucrative monthly return on his capital. This income was essential for Harry Sr. to maintain his estate and support his family. Mr. Smith repeatedly assured Harry Sr. that the regular payments and dividends from the joint venture would be stable and reliable.

8. After weeks of discussions, Harry Sr. agreed to enter into the joint venture with Mr. Smith, who then incorporated CMC Credit for the sole purpose of carrying on the consumer loan business.

9. On July 6, 2018, HLL Trust and CMC Capital entered into a shareholders' agreement (the "**SHA**") to govern their relationship as 50% shareholders of CMC Credit. Under the SHA, Harry Sr. and Mr. Smith were each nominated as directors of CMC Credit, each representing one of the 50% shareholders.

10. Article 5 of the SHA outlines how CMC Credit would operate. HLL Trust would provide funding capital totalling $6,000,000 so that CMC Credit could provide consumer loans to its customers, and CMC Capital would provide the operating capital necessary to manage CMC Credit's consumer loan portfolio, including staff, software, and knowhow. In return, CMC Credit would pay CMC Capital a monthly service fee calculated as a 4.5% monthly interest payment based on the revenues generated on CMC Credit's current non-defaulting loans. The loans were to be secured by a loan contract "written in form and substance satisfactory to the Shareholders" and "entered into by [CMC Credit] and its Customer".

11. The SHA further contemplates that, in addition to the monthly service fee, the shareholders would review the gross and net profits from the active loan portfolio at each

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-6-

quarterly meeting. The timing and amount of any dividend payments would be discussed at these meetings, with the declaration and payment requiring unanimous board approval. Thus, HLL Trust, as a shareholder, had a reasonable expectation of receiving dividend payments from the profits generated by the consumer loan business, subject to the approval process set out in the SHA.

12.    The SHA includes a non-competition clause under which HLL Trust acknowledged that CMC Capital operates similar consumer finance programs that were in direct competition with CMC Credit.

**The promissory notes**

13.    On July 6, 2018, HLL Trust entered into a promissory note with CMC Credit for $6,000,000, under which HLL Trust would receive monthly interest payments at an annual rate of 4.5% on any funds advanced under the promissory note, less the amount of any defaulting loans (the "**HLL Promissory Note**"). The term of the HLL Promissory Note would end on the earliest of the following: the completion of 84 months from receipt of the full $6,000,000; a unanimous vote by CMC Credit's shareholders; the sale of CMC Credit to a third party; or after CMC Credit successfully launched an initial public offering.

14.    As mentioned above, HLL Trust has assigned its litigation rights under the HLL Promissory Note to 188.

15.    Although the HLL Promissory Note reflects a principal amount of $6,000,000, HLL Trust only advanced $5,000,000. The remaining balance of the principal amount was instead advanced by Wingberry Farms under two promissory notes it entered into with CMC Credit for

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-7-

$500,000 each, dated March 25, 2021 and April 12, 2021 (the "**Wingberry Promissory Notes**"

and together with the HLL Promissory Note, the "**Promissory Notes**"). Under the Wingberry

Promissory Notes, it would receive monthly interest payments at an annual rate of 14% on any

funds advanced under the promissory notes. The term of each Wingberry Promissory Note would

end on the earliest of 48 months from receipt of the full amount pledged, the sale of CMC Credit

to a third party, or after CMC Credit successfully launches an initial public offering.

16.     CMC Credit's obligations under the Promissory Notes were secured only by the assets of

CMC Credit, namely the consumer loans held by CMC Credit.

**Reports received from Mr. Smith and the Littlers' concerns about CMC Credit**

17.     Mr. Smith provided monthly reports to Harry Sr. between 2017 and 2024. These reports

identified loans that CMC Credit purportedly entered into by listing borrowers' last names with

first initials, a loan ID number, and the amount of the purported loan. However, the reports

lacked sufficient detail to verify the existence or terms of the underlying loan agreements and did

not include copies of the actual loan contracts. Both Harry Sr. and later, his son, Harry Littler Jr.

("**Harry Jr.**"), found these reports inadequate for confirming how the funds advanced under the

Promissory Notes were being used, and whether the loans were properly secured as collateral for

HLL Trust and Wingberry's investment funds.

18.     Harry Sr. regularly sought clarification from Mr. Smith regarding the details of CMC

Credit's operations, including the security for the Promissory Notes, the status and reconciliation

of dividend payments, and the specifics of the individual loans that were supposed to serve as

collateral. At some point, Harry Sr. learned that certain loans attributed to the CMC Credit loan

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-8-

portfolio may actually be held by CMC Capital, raising serious concerns about Mr. Smith's use of the investment funds. Harry Sr. repeatedly requested access to the actual loan contracts so that he could clarify the use of the investment funds and confirm that the Promissory Notes were properly secured by the loans. Mr. Smith responded to these requests by providing only partial information and, at times, expressed frustration with the ongoing inquiries, stating that the repeated requests for clarification were "annoying" and burdensome to his accounting team. Despite these ongoing efforts by Harry Sr. (and later Harry Jr.), the requested documentation and clear answers were not provided, leaving them without the information necessary to verify the use and security of the investment funds.

19.     In December 2023, Harry Sr. resigned as a director of CMC Credit due to his declining health. Upon his resignation, HLL Trust nominated Harry Jr., to represent its interests on CMC Credit's board of directors. Harry Jr. was officially appointed to CMC Credit's board by way of a unanimous shareholders' resolution dated December 19, 2023. Harry Sr. passed away on February 21, 2024.

20.     Following his appointment, Harry Jr. began requesting access to financial information and corporate records from Mr. Smith to understand how the funds advanced under the Promissory Notes had been used. In particular, Harry Jr. requested copies of the individual loan contracts that CMC Credit had purportedly entered into with its customers. Mr. Smith repeatedly failed to provide complete records or clear answers. When pressed for the loan contracts, Mr. Smith refused to produce them, citing the *Personal Information Protection and Electronic Documents Act* ("**PIPEDA**") as a purported legal barrier to sharing these documents with Harry Jr., despite Harry Jr.'s position as a director of CMC Credit and his statutory right to access

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-9-

corporate records. This refusal persisted even after multiple requests and contributed to Harry Jr.'s growing concerns regarding the use and security of the investment funds.

21.    In February 2025, all monthly interest and dividend payments to HLL Trust and Wingberry Farms ceased without notice or explanation. Until that time, HLL Trust and Wingberry Farms had been receiving regular monthly interest payments in accordance with the Promissory Notes, and, from time to time, dividend payments as approved by the CMC Credit board of directors in accordance with the SHA. The sudden cessation of both interest and dividend payments occurred without any prior communication or justification from Mr. Smith.

22.    On April 17, 2025, counsel for Harry Jr. issued a formal demand for access to corporate and financial records pursuant to section 253 of the *Ontario Business Corporations Act* ("**OBCA**"). The demand specifically named copies of the loan contracts with CMC Credit's customers as documents that must be made available to Harry Jr. as director of CMC Credit. Mr. Smith failed to comply with the demand.

**Application for access to corporate records**

23.    On May 27, 2025, Harry Jr. successfully brought an application in the Ontario Superior Court of Justice (Commercial List), Court File No. CV-25-00742313-00CL, seeking access to CMC Credit's records. On May 29, 2025, Justice Dietrich ordered Mr. Smith to provide Harry Jr. with access to all of CMC Credit's records, including the loan agreements with CMC Credit's customers (the "**Order**"). Mr. Smith was to provide this access within five days of the Order.

24.    Mr. Smith has still not fully complied with the Order. After the Court-imposed deadline, Mr. Smith provided Harry Jr. access to some records and financial documents of CMC Credit,

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-10-

but the documents provided were not complete. The records Harry Jr. has been able to review are sufficient to demonstrate that Mr. Smith has misappropriated the funds advanced to CMC Credit.

**Misappropriation of funds advanced to CMC Credit**

25.     Based on a review of CMC Credit's records made available to Harry Jr., it is clear that CMC Credit has not entered into a single loan agreement with any customer as contemplated by the SHA and the Promissory Notes. Instead, Mr. Smith appears to have funnelled the funds advanced by HLL Trust and Wingberry Farms into his other consumer loan business, Credit Medical. All loan agreements corresponding to the loan IDs and amounts reported to HLL Trust as loans issued by CMC Credit were in fact issued by Credit Medical, a completely different entity that was not party to either the SHA or the Promissory Notes, and of which CMC Credit has no ownership interest.

26.     There is not a single loan agreement under which a borrower received funds from and promised to pay the loan back to CMC Credit. CMC Credit effectively has no discernable assets.

27.     As a result of this misappropriation, the plaintiffs are entitled to the return of the $6,000,000 advanced under the Promissory Notes, plus all accrued and outstanding interest and dividend payments.

**Other causes of action**

28.     In the alternative, the plaintiffs seek damages for fraudulent misrepresentation, unjust enrichment, and oppression.

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

-11-

29.    The defendants, and in particular Mr. Smith, falsely represented how the funds advanced by HLL Trust and Wingberry Farms would be used. Instead of operating CMC Credit as a consumer loan business that holds security in the loans it advances to its customers as contemplated by the SHA and Promissory Notes, Mr. Smith diverted the investment funds provided by HLL Trust and Wingberry for the sole use and benefit of Credit Medical. This diversion of funds has unjustly enriched the defendants and correspondingly deprived HLL Trust and Wingberry.

30.    The defendants' conduct has been oppressive, unfairly prejudicial to, and has unfairly disregarded the interests of HLL Trust as a shareholder of CMC Credit.

31.    As a result of the defendants' conduct, HLL Trust and Wingberry Farms have suffered losses, including the loss of the principal amount advanced, unpaid interest and dividends, and the opportunity cost to invest their funds in a legitimate venture with reasonable returns for seven years. The plaintiffs seek $10,000,000 in damages less any amounts received from the plaintiffs to recover these losses.

**Punitive Damages**

32.    The defendants' conduct has been sufficiently oppressive and high-handed to warrant punitive damages. The plaintiffs seek $1,000,000 in punitive damages.

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice    **Court File No./N° du dossier du greffe :** CV-25-00748569-0000

**Place of Trial**

33.    The plaintiffs propose that this action be tried at Toronto, Ontario.

July 30, 2025                                       **POLLEY FAITH LLP**
                                                    TD North Tower
                                                    77 King St. W., Suite 2110
                                                    Toronto, ON  M5K 2A1

                                                    **Andrew Faith (47795H)**
                                                    afaith@polleyfaith.com
                                                    **Dayna Christy (89438T)**
                                                    dchristy@polleyfaith.com

                                                    Tel:    416.365.1600

                                                    Lawyers for the plaintiffs

Electronically issued / Délivré par voie électronique : 30-Jul-2025
Toronto Superior Court of Justice / Cour supérieure de justice

**Court File No./N° du dossier du greffe :** CV-25-00748569-0000

1887370 ONTARIO INC. et al.                          -and-    MICHAEL SMITH et al.
Plaintiffs                                                     Defendants

Court File No.

### *ONTARIO*
### SUPERIOR COURT OF JUSTICE
### COMMERCIAL LIST

PROCEEDING COMMENCED AT
TORONTO

### STATEMENT OF CLAIM

**POLLEY FAITH LLP**
TD North Tower
77 King St. W., Suite 2110
Toronto, ON  M5K 2A1

**Andrew Faith (47795H)**
afaith@polleyfaith.com
**Dayna Christy (89438T)**
dchristy@polleyfaith.com

Tel:    416.365.1600

Lawyers for the plaintiffs

Email for parties served:
Michael Magonet: m@magonetlaw.com